NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMERSON TUCKER, : | **Hon. Dennis M. Cavanaugh** |
| : | |
| Plaintiff, : | **OPINION** |
| : | |
| v. : | Civil Action No. 08-CV-2156 (DMC) |
| : | |
| NEW YORK POLICE DEPARTMENT, : *et. al*, : | |
| : | |
| Defendants. : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon omnibus motion/application by Plaintiff, Emerson Tucker ("Plaintiff") for miscellaneous relief. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering Plaintiff's submission and based upon the following, it is the finding of the Court that all of Plaintiff's applications and motions are **denied**.

**II.    PLAINTIFF'S OMNIBUS MOTION/APPLICATION**

        **A.    <u>Plaintiff's Motion for an Extension of Time to Submit an Amended Complaint</u>**

Plaintiff filed an application dated December 15, 2008, for an extension of time within which to amend his Complaint. On January 14, 2009, the Court granted Plaintiff's application and entered an Order directing that Plaintiff file an amended complaint on or before March 1, 2009. The application now before this Court appears to be requesting a further extension. Plaintiff filed an Amended Complaint on March 4, 2009, three days after the deadline imposed by this Court in the extension granted to Plaintiff on January 14, 2009. Plaintiff has advised the Court that he faced logistical obstacles while compiling his Amended Complaint. Therefore, the Court accepts Plaintiff's Amended Complaint as being filed in compliance with the March 1, 2009 deadline. Plaintiff's motion for an extension of time within which to amend his Complaint is **denied** as moot.

### B.     Plaintiff's Motion for Attachment of Defendants Honora and Stevens' Assets

Plaintiff seeks to have the Court freeze and/or attach Defendants Honora and Stevens' property pursuant to Fed. R. Civ. P. 64. Fed. R. Civ. P. 64 provides that all remedies available under the law of the state where the court is located which provide for the seizure of a person's property to secure satisfaction of a potential judgment are available in federal court. Plaintiff alleges no facts to suggest that Defendants Honora or Stevens might conceal or secret their assets. Therefore, Plaintiff's motion is **denied**.

### C.     Plaintiff's Motion for the Issuance of Arrest Warrants for Defendants Dexter, Honora, and Stevens

Plaintiff requests that the Court issue arrest warrants for Defendants Dexter, Honora, and Stevens pursuant to Fed. R. Civ. P. 64. As stated above, Fed. R. Civ. P. 64 deals with remedies available to secure the collection of a potential judgment. Plaintiff has not demonstrated a need to arrest any of the Defendants to ensure collection of a potential judgment. In fact, Plaintiff supports his request to arrest the listed Defendants by arguing that their conduct violated the law. Plaintiff has initiated a civil case but now seeks to have some of the Defendants criminally punished which is not within the providence of this action, thus Plaintiff's motion is **denied**.

### D.     Plaintiff's Application for a Permanent or Temporary Restraining Order

Plaintiff seeks a Permanent or Temporary Restraining Order pursuant to Fed R. Civ. P. 65. A court should grant preliminary injunctive relief where (1) the plaintiff has a reasonable probability of success on the merits, (2) the plaintiff faces immediate and irreparable harm, (3) the harm to the plaintiff outweighs any potential harm to the defendants and (4) the public interest favors granting the plaintiff preliminary relief. Saudi Basic Indus. Corp. v. Exxon Corp., 364 F.3d 106, 112 n.6 (3d Cir. 2004).

Plaintiff's application fails because he has not sufficiently demonstrated irreparable harm.

Plaintiff lists several types of harm he will suffer if personal property seized from him during his arrest is not returned to him. The harm Plaintiff identifies however, does not constitute irreparable harm. Plaintiff seeks the return of money which is a claim that could be satisfied by money damages should Plaintiff prevail on his claim that the money in question is being wrongfully withheld from him. As a result, Plaintiff's application is **denied**.

### E.     Plaintiff's Application for *Pro Bono* Counsel

Plaintiff seeks appointment of pro bono counsel pursuant to 28 U.S.C. §1915(e)(1). District courts have authority to request the appointment of counsel to represent indigent litigants in civil cases. 28 U.S.C. § 1915(e)(1). Because civil litigants do not have a constitutional right to appointed counsel, the Third Circuit has stated that district courts should first determine whether a plaintiff's claim "has arguable merit in fact and law." Tabron v. Grace, 6 F.3d 147, 153, 155 (3d Cir. 1993), cert denied, 510 U.S. 1196 (1994). Assuming there is merit, the Third Circuit has set forth a number of factors to be considered by district courts in the exercise of their discretion under § 1915(e)(1). These factors are: (1) plaintiff's ability to present his case; (2) the complexity of the legal issues; (3) the extent of factual discovery, and plaintiff's ability to investigate and to comply with complex discovery rules; (4) the extent the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether plaintiff can afford counsel on his own behalf. Id. at 155-56.

Plaintiff has failed to present a legal basis upon which the Court can grant such relief. Moreover, Plaintiff has demonstrated an ability to make arguments and support his arguments with relevant case and statutory law. Therefore, Plaintiff's application for *pro bono* counsel is **denied**.

### F.     Plaintiff's Motion for a *Writ of Mandamus*

Plaintiff seeks an Order directing Superintendent E. Slaughter and Executive Director Salvador Godinez of the Cook County Department of Corrections to permit him into the law library seven days a week, all morning and all afternoon, for the duration of this litigation. Prison regulations

which reasonably limit times, places and the manner in which inmates may access the law library do not transgress constitutional protection of access to the courts so long as regulations do not frustrate access. Johnson v. Avery, 393 U.S. 483 (1968); Gittlemacker v. Prasse, 428 F.2d 1 (3d Cir. 1970). Plaintiff has not set forth any facts which sufficiently demonstrate that he has been deprived access to the Court. Therefore, his motion is **denied**.

### G.     Plaintiff's Discovery Requests

Plaintiff seeks issuance of a subpoena under Fed.R.Civ.P. 45(b) and (c) to obtain materials, including documents which are privileged, from persons who are parties to this action. Some of the parties have not yet been served with process. Subpoena is not the proper vehicle for the relief sought by Plaintiff and Plaintiff fails to provide a legal basis upon which the Court can grant such relief.

Plaintiff also seeks to subpoena documents from Prosecutor Robert Robertson and/or from the Office of the Attorney General[1] of Illinois. The Court cannot grant such relief because it lacks jurisdiction. Fed.R.Civ.P. 45(a)(2)(C).

Plaintiff seeks discovery from Chicago Police Department Detectives John Climack and Carlo. Plaintiff also seeks discovery from Prosecutor Anita Alverez. The action involving these persons is stayed pursuant to this Court's Order entered November 17, 2008. For the reasons stated, Plaintiff's discovery requests are **denied**.

### H.     Plaintiff's Request That This Court Take Judicial Notice of Certain Newspaper Articles and Documents

Plaintiff requests that the Court take judicial notice of certain newspaper articles and Documents pursuant to Fed. R. Civ. P. 201. Plaintiff submitted this request because he alleges that

---

[1] Plaintiff seeks to subpoena the "State's Attorney Office." The Court construes this to mean the Office of the Attorney General.

4

he was denied the ability to submit these documents as exhibits to his Complaint. Plaintiff has been granted leave, and has as a result, filed an Amended Complaint to which the documents at issue could have been attached as exhibits. Therefore, Plaintiff's request is **denied** as moot.

## II.    CONCLUSION

For the reasons stated, it is the finding of the Court that Plaintiff's application for an extension of time to file an Amended Complaint is **denied** as moot; Plaintiff's application for *pro bono* counsel is **denied** without prejudice; Plaintiff's request for access to the law library on the conditions sought is **denied**; Plaintiff's request for issuance of a subpoena upon parties to this action is **denied** without prejudice; Plaintiff's request for issuance of a subpoena upon Prosecutor Robert Robertson and/or from the Office of the Attorney General is **denied**; Plaintiff's request for discovery from Chicago Police Department Detectives John Climack and Carlo, and Prosecutor Anita Alverez is **denied** without prejudice; Plaintiff's application for a Permanent or Temporary Restraining Order is **denied**; Plaintiff's motion for the attachment of certain Defendants' property is **denied**; Plaintiff's motion for the issuance of arrest warrants for certain Defendants is **denied**; Plaintiff's request that this Court to take judicial notice of articles and documents is **denied** as moot. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh  
Dennis M. Cavanaugh, U.S.D.J.

Date:         April  6  , 2009  
Orig.:        Clerk  
cc:           All Counsel of Record  
              Hon. Mark Falk, U.S.M.J.  
              File