NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EMERSON TUCKER, : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 08-CV-2156 (DMC) |
| NEW YORK POLICE DEPARTMENT, : | |
| *et. al* : | |
| Defendants. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motions of Daily News, L.P. (incorrectly sued as "The New York Daily Newspaper"), Newark Morning Ledger Co. (publisher of "The Star Ledger"), American Broadcasting Companies, Inc. (incorrectly sued as "ABC Television News Broadcast"), NYP Holdings, Inc. (incorrectly sued as "The New York Post Newspaper"), The New York Times Co., and NBC Universal Inc. (incorrectly sued as NBC Television Broadcast) (collectively, the "Media Defendants").[1] The Media Defendants move to dismiss *pro se* Plaintiff Emerson Tucker's claims for defamation, libel, slander and for violations of 1983 and a New York privacy statute.

For the reasons stated below, the Media Defendants' motions are **granted.**

---

[1] For the same reasons, the Court will also dismiss Plaintiff's claims against CBS Television News Broadcast, CNN Television News Broadcast, Chicago Sun-Times Newspaper the Chicago Tribune Company and the Chicago Tribune Newspaper (the Tribune filed a notice of bankruptcy on September 6, 2009).

## I. BACKGROUND

Plaintiff is a pretrial detainee at the Cook County Jail in Chicago, Illinois. Plaintiff alleges that on or about May 14, 2007, while he was in Newark, New Jersey, he was illegally abducted by police officers of the New York Police Department.[2] Plaintiff asserts various claims against individuals, government entities and media companies for conduct related to his arrest in New Jersey by officers of the New York City Police Department.

Plaintiff alleges that the Media Defendant news organizations, acted in concert with one another and conspired with the New York Police Department to defame, libel, and slander him by calling him a "serial killer" following his arrest. He also asserts violations of 42 U.S.C. § 1983, and a New York privacy statute.

Previously, this Court dismissed Plaintiff's claims against the Media Defendants, finding that these claims were improperly joined with the other claims asserted, because "[a]ll other claims which will proceed here share common questions of law and fact regarding the lawfulness of Plaintiff's arrest and detention." The claims against the media Defendants, however, do not share common questions of law and fact, and in accordance with FED.R.CIV.P. 20(a)(2), were dismissed.

## II. APPLICABLE LAW

Rule 20(a)(2) covers the permissive joinder of defendants in civil actions. Persons may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or

---

[2] The Court recited Plaintiff's allegations in more detail in Tucker v. New York Police Dep't, 2008 U.S. Dist. LEXIS 93691 (D.N.J. Nov. 17, 2008). Here, the Court only references the facts pertinent to this opinion.

series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.  See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007).

In the context of prisoner actions, a *pro se* plaintiff may not join in one case all defendants against whom he may have a claim, unless he satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . .
>
> A buckshot complaint that would be rejected if filed by a free person - say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and infringed his copyright, all in different transactions - should be rejected if filed by a prisoner.

George, 507 F. 3d at 607; Garcia v. Union City Police Dep't, 2009 U.S. Dist. LEXIS 28455, at *9-10 (D.N.J. Apr. 1, 2009).  A "buckshot" complaint is precisely what this Court is faced with, as Plaintiff asserted a litany of claims against upwards of fifty defendants.

### III.  DISCUSSION

Th Court finds that Plaintiff's claims against the Media Defendants are not properly joined in this action.  As the Court previously explained in its November 18, 2008 Opinion, the accuracy of news organizations' reporting regarding Plaintiff's criminal record, and status as a suspect in various criminal matters, present completely distinct factual and legal questions from Plaintiff's numerous underlying claims (e.g., false arrest, false imprisonment, violations of the Equal Protection clause).  Accordingly, Plaintiff's claims against the Media Defendants are dismissed.

## IV.  CONCLUSION

The Media Defendants' motions to dismiss the claims of Plaintiff Emerson Tucker are **granted**.

  S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        February  23 , 2010
Original:    Clerk's Office
cc:          All Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File